IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD LACY, MANDY LACY, and HOWARD AND MANDY LACY, on Behalf of Minor Children, Tori Lacy, Paige Lacy, Hunter Lacy and Cody Lacy,<br><br>Plaintiffs,<br><br>vs.<br><br>VALMONT INDUSTRIES, INC. and PAYFLEX SYSTEMS USA, INC.<br><br>Defendant. | Case No. 4:15-cv-03070<br><br>COMPLAINT |

Plaintiff alleges:

COMES NOW plaintiffs and for their Complaint against defendants does hereby allege as follows:

1. This action arises under the Employment Retirement Income Security Act of 1974 (ERISA), and more particularly Section 1132(1)(B) and Section 1132(c) of said Act. The Court has jurisdiction of this matter under 29 U.S.C. *§1132(e)*.

2. Plaintiffs currently reside and have resided at all material times hereto at 807 S. Broad, #169, Fremont, Dodge County, Nebraska 68025, and at all times relevant hereto Howard Lacy was a qualified participant in a medical, dental and vision plan within the meaning of 29 U.S.C. §1002(7) of ERISA by virtue of plaintiff's employment with defendant Valmont Industries, Inc., specifically located at 28800 Ida Street, Valley, Nebraska, and his insurance coverage under the medical, dental and vision plan throughout his employment.

3. Defendant Valmont Industries, Inc. has a qualified employees' health, dental and vision plan under Section 401 of the Internal Revenue Code of 1954, and an employee benefits plan within the meaning of 29 U.S.C. Section 1002(2)(a) and Section 1002(35). Defendant PayFlex Systems USA, Inc. is, on information and belief, the third-party administrator and or plan marketing representative and or plan sponsor for the ERISA plan at issue in this case and is also a

procedural operative in providing plaintiffs and other employees covered by the plan with notices of their rights under the plan, including but not limited to their rights arising under COBRA. Defendant Valmont Industries, Inc. is, on information and belief, the Plan Administrator and or Plan Sponsor of the ERISA plan at issue in this case and presumably charged with the responsibility of supervising the third-party claims administrator Payflex Systems USA, Inc.,

4.      Defendants Valmont Industries, Inc. and Payflex Systems USA, Inc., are corporations organized and existing under the laws of the State of Delaware and Nebraska respectively. Payflex Systems USA, Inc.'s principal place of business is 10802 Farnam Drive, Suite 100, Omaha, NE  68154; Valmont Industries, Inc.'s principal place of business is believed to be 1 Valmont Plaza, Omaha, Douglas County, Nebraska 68154.

## COUNT ONE

5.      Plaintiff **HOWARD LACY** was employed by defendant Valmont Industries, Inc. ("Valmont") until he was involuntarily terminated from his employment effective December 31, 2013, for reasons other than gross misconduct, as the defendant could not provide commensurate work due to the plaintiff's work injuries.  As an employee of Valmont, plaintiff received benefits under the Health Insurance, Dental and Vision plan.

6.      Plaintiff was entitled to notice of continuation of insurance coverage rights under COBRA. Defendants willfully and wantonly failed to timely do so in 2014 during the required and mandatory timeframe set out by ERISA and the COBRA Act.

7.      In fact, Defendant Valmont, by and through defendant Payflex Systems, never gave notice of plaintiff's COBRA rights to the plaintiff until on or about March 18, 2015 when prompted by a Department of Labor representative, David Marshall.  The plaintiff sought the assistance of the Department of Labor as to defendant's blatant and willful failure to provide COBRA notice to the plaintiff as he had and was incurring medical charges that were not being paid.

8.      Department of Labor representative, David Marshall, obtained verification and confirmation from defendant Valmont that the acknowledged their failure to provide plaintiff with COBRA notice.

9.      An apparent informal agreement was reached between the Department of Labor representative and Valmont, without plaintiff's knowledge, belief and permission, that COBRA coverage would be extended as of March 18, 2015 provided the plaintiff begin to pay the appropriate premium in the amount of $1,176.92 which he did so via a cashier's check dated March 10, 2015 made payable to Valmont Industries.

10.     Defendant Valmont Industries, accepted and cashed plaintiff's premium check but has to date not made good on any payments of the health plan, dental plan or vision plan as defendant Valmont's health carrier, Blue Cross Blue Shield (BCBS), advised plaintiff on April 8, 2015 that the health plan was terminated at the defendant-employer's (Valmont) request.

11.     To date, defendant Valmont has refused to process and pay plaintiff's charges incurred despite defendant Valmont accepting and cashing plaintiff's premium check.

12.     Plaintiff still has and is entitled to 60 days from notification to accept continuance of coverage, ie. May 2, 2015.   The election period does not begin until notice is given and therefore the election period did not begin to run until on or about March 18, 2015. Therefore, plaintiff continues to be entitled to said COBRA election period.

13.     COBRA coverage was never fully extended and accepted by either of the defendants at any time.  Plaintiff has been prejudiced by defendants' failure to provide timely and good faith notification to plaintiff regarding his right to obtain COBRA coverage; how to obtain COBRA coverage; and where and when to pay her premiums for COBRA coverage. This willful and wanton failure to provide plaintiff with COBRA information and coverage expressly requested by plaintiff, caused prejudice to plaintiff.

14. Plaintiff has incurred medical expenses since his termination. Plaintiff submitted insurance claims under the plan for each of the covered losses. Each of plaintiff's insurance claims was denied by the Defendants.

15. Benefits were due and vested under the Plan and plaintiff has complied with all conditions in order to receive such insurance benefits.

16. Defendants willfully, wantonly and erroneously failed to offer and accept plan provisions in denying plaintiff's eligibility for medical, dental and vision insurance coverage.

17. Defendants failed to provide plaintiff with the opportunity for a full and fair review of his claims and further failed to provide the necessary information required for adequate notice in violation of 29 U.S.C. §1166.

18. The above-mentioned denial of benefits due under the terms of the plan was arbitrary, capricious, not made in good faith, was not supported by substantial evidence, was erroneous as a matter of law, was willful and wanton and was in direct violation of ERISA.

19. As a direct and proximate result of the actions of the defendants, plaintiff has been caused to incur attorney's fees in an amount currently unknown and has incurred medical expenses and losses in an amount which continues to accrue and will be proven at trial.

20. Plaintiff was not able to obtain alternative insurance coverage that provided the exact extent of coverage that was provided under the Valmont Medical Plan which would have been supplied to her under COBRA had defendants complied with their COBRA obligations.

21. As a direct and proximate result of the above defendants' actions, plaintiff has lost benefits in an amount not known in full by plaintiff, but upon information and belief, such loss approximates the amount of benefits due under the terms of the dental plan for each month since December 31, 2013 and the amount plaintiff will continue to sustain each month until the benefits are provided to which he is entitled.

WHEREFORE, plaintiff requests for relief against the defendants, jointly and severally as follows:

(a) An order for defendant to pay to plaintiff all insurance benefits accrued and unpaid to the date of this judgment;

(b) An order for defendant to designate the plaintiff as an eligible participant under the plan;

(c) An order that plaintiffs be awarded attorney's fees and costs of this action and such other relief as deemed appropriate; and

(d) Statutory penalties of $110 per day from the date of the qualifying event under COBRA (December 31, 2013) to the date of judgment in this case as a result of defendants' willful and wanton disregard of their obligations.under ERISA and COBRA.

(e) An order requiring defendant to provide credit for plaintiff with payment of $1,176.92 for the health insurance premium paid as defendant accepted, cashed, and kept plaintiff's payment made on March 10, 2015.

## COUNT TWO

22.   Plaintiff hereby incorporates by reference paragraphs 1 through 21 of their Complaint.

23.   Plaintiff **MANDY LACY** is a covered beneficiary under the policy of insurance issued to Plaintiff Howard Lacy.  Plaintiff Mandy Lacy never received notice of any type regarding continuation of insurance coverage rights under COBRA.

24.   Plaintiff Mandy Lacy was entitled to separate notice as a covered beneficiary.

25.   Plaintiff Mandy Lacy incurred medical expenses subsequent to Plaintiff Howard Lacy's termination from employment and because of Defendants' failure to provide notice regarding COBRA continuation of benefits, there was no coverage for said expenses. Plaintiffs reasonably expect to incur additional losses in the future due to Defendants' failure to provide the required notice.

26.   Benefits were due and vested under the Plan and Plaintiff Mandy Lacy has complied with all conditions in order to receive such health insurance benefits.

27. Defendants at all times failed to comply with 29 U.S.C. § 1166 and § 1161.

28. The above-mentioned denial of benefits due under the terms of the Insurance Plan was arbitrary, capricious, not made in good faith, was not supported by substantial evidence, was erroneous as a matter of law, was willful and wanton and was in direct violation of ERISA.

29. As a direct and proximate result of the actions of the defendants, plaintiff has been caused to incur attorney's fees in an amount currently unknown and has incurred medical expenses and losses and additional amounts to be reasonably incurred in the future.

30. Plaintiff Mandy Lacy was not able to obtain the same or similar alternative insurance coverage which would have been supplied to her under COBRA had defendants complied with their COBRA obligations.

31. As a direct and proximate result of the above defendants' actions, plaintiffs have lost benefits in an amount not known in full by plaintiffs, but upon information and belief, such loss approximates the amount of benefits due under the terms of the medical plan for each month since December 31, 2013 and the amount plaintiff's will continue to sustain each month until the benefits are provided in full.

WHEREFORE, plaintiffs request relief against the defendants, jointly and severally as follows:

(a) An order for defendant to pay to plaintiff Mandy Lacy all medical benefits accrued and unpaid to the date of this judgment;

(b) An order for defendant to designate the plaintiff Mandy Lacy as an eligible participant under the plan;

(c) An order that plaintiffs be awarded attorney's fees and costs of this action and such other relief as deemed appropriate; and

(d) Statutory penalties of $110 per day from the date of the qualifying event under COBRA (December 31, 2013) to the date of judgment in this

case as a result of defendants' willful disregard of their obligations under ERISA and COBRA.

## COUNT THREE

32. Plaintiffs incorporate by reference paragraphs 1 through 31 of their Complaint.

33. Plaintiff **TORI** LACY is a covered beneficiary under the policy of insurance issued to Plaintiff Howard Lacy. Plaintiff Tori Lacy never received notice of any type regarding continuation of insurance coverage rights under COBRA.

34. Plaintiff Tori Lacy was entitled to separate notice as a covered beneficiary, but such notice was never given.

35. Plaintiff Tori Lacy incurred medical, dental and or vision expenses subsequent to Plaintiff Howard Lacy's termination from employment and because of Defendants' failure to provide notice regarding COBRA continuation of benefits, there was no coverage for said expenses. Plaintiffs reasonably expect to incur additional losses in the future due to Defendants' failure to provide the required notice.

36. Benefits were due and vested under the Plan and Plaintiff has complied with all conditions in order to receive such health insurance benefits.

37. Defendants at all times failed to comply with 29 U.S.C. § 1166 and § 116l.

38. The above-mentioned denial of benefits due under the terms of the Plan was arbitrary, capricious, not made in good faith, was not supported by substantial evidence, was erroneous as a matter of law, was willful and wanton and was in direct violation of ERISA.

39. As a direct and proximate result of the actions of the defendants, plaintiffs have been caused to incur attorney's fees in an amount currently unknown and medical and dental expenses and losses and additional amounts to be reasonably incurred in the future.

40. Plaintiff Howard Lacy and/or Mandy Lacy, on behalf of the minor child, was not able to obtain the same or similar alternative insurance coverage which would have been supplied to her under COBRA had defendants complied with their COBRA obligations.

41. As a direct and proximate result of the above defendants' actions, plaintiffs have lost benefits in an amount not known in full by plaintiffs, but upon information and belief, such loss approximates the amount of benefits due under the terms of the dental/medical plan for each month since December 31, 2013 and the amount plaintiffs will continue to sustain each month until the benefits are provided in full.

WHEREFORE, plaintiffs request relief against the defendants, jointly and severally as follows:

(a) An order for defendant to pay to plaintiff Tori Lacy all Medical, dental and or vision benefits accrued and unpaid to the date of this judgment;

(b) An order for defendant to designate the plaintiff Tori Lacy as an eligible participant under the plan;

(c) An order that plaintiffs be awarded attorney's fees and costs of this action and such other relief as deemed appropriate; and

(d) Statutory penalties of $110 per day from the date of the qualifying event under COBRA (December 31, 2013) to the date of judgment in this case as a result of defendants' willful disregard of their obligations under ERISA and COBRA.

## COUNT FOUR

42. Plaintiffs incorporate by reference paragraphs 1 through 41 of their Complaint.

43. Plaintiff **PAIGE LACY** is a covered beneficiary under the policy of insurance issued to Plaintiff Howard Lacy. Plaintiff Paige Lacy never received notice of any type regarding continuation of insurance coverage rights under COBRA.

44. Plaintiff Paige Lacy was entitled to separate notice as a covered beneficiary, but such notice was never given.

45. Plaintiff Paige Lacy incurred medical, dental and or vision expenses

subsequent to Plaintiff Howard Lacy's termination from employment and because of Defendants' failure to provide notice regarding COBRA continuation of benefits, there was no coverage for said expenses. Plaintiffs reasonably expect to incur additional losses in the future due to Defendants' failure to provide the required notice.

46. Benefits were due and vested under the Plan and Plaintiff has complied with all conditions in order to receive such health insurance benefits.

47. Defendants at all times failed to comply with 29 U.S.C. § 1166 and § 116l.

48. The above-mentioned denial of benefits due under the terms of the Plan was arbitrary, capricious, not made in good faith, was not supported by substantial evidence, was erroneous as a matter of law, was willful and wanton and was in direct violation of ERISA.

49. As a direct and proximate result of the actions of the defendants, plaintiffs have been caused to incur attorney's fees in an amount currently unknown and medical and dental expenses and losses and additional amounts to be reasonably incurred in the future.

50. Plaintiff Howard Lacy and/or Mandy Lacy, on behalf of the minor child, was not able to obtain the same or similar alternative insurance coverage which would have been supplied to her under COBRA had defendants complied with their COBRA obligations.

51. As a direct and proximate result of the above defendants' actions, plaintiffs have lost benefits in an amount not known in full by plaintiffs, but upon information and belief, such loss approximates the amount of benefits due under the terms of the dental/medical plan for each month since December 31, 2013 and the amount plaintiffs will continue to sustain each month until the benefits are provided in full.

   WHEREFORE, plaintiffs request relief against the defendants, jointly and severally as follows:

   (a) An order for defendant to pay to plaintiff Paige Lacy all
   Medical, dental and or vision benefits accrued and unpaid to the date of this
      judgment;

(b) An order for defendant to designate the plaintiff Paige Lacy as an eligible participant under the plan;

(c) An order that plaintiffs be awarded attorney's fees and costs of this action and such other relief as deemed appropriate; and

(d) Statutory penalties of $110 per day from the date of the qualifying event under COBRA (December 31, 2013) to the date of judgment in this case as a result of defendants' willful disregard of their obligations under ERISA and COBRA.

## COUNT FIVE

52. Plaintiffs incorporate by reference paragraphs 1 through 51 of their Complaint.

53. Plaintiff **CODY LACY** is a covered beneficiary under the policy of insurance issued to Plaintiff Howard Lacy. Plaintiff Cody Lacy never received notice of any type regarding continuation of insurance coverage rights under COBRA.

54. Plaintiff Cody Lacy was entitled to separate notice as a covered beneficiary, but such notice was never given.

55. Plaintiff Cody Lacy incurred medical, dental and or vision expenses subsequent to Plaintiff Howard Lacy's termination from employment and because of Defendants' failure to provide notice regarding COBRA continuation of benefits, there was no coverage for said expenses. Plaintiffs reasonably expect to incur additional losses in the future due to Defendants' failure to provide the required notice.

56. Benefits were due and vested under the Plan and Plaintiff has complied with all conditions in order to receive such health insurance benefits.

57. Defendants at all times failed to comply with 29 U.S.C. § 1166 and § 116l.

58. The above-mentioned denial of benefits due under the terms of the Plan was arbitrary, capricious, not made in good faith, was not supported by substantial evidence, was erroneous as a matter of law, was willful and wanton and was in direct violation of ERISA.

59. As a direct and proximate result of the actions of the defendants, plaintiffs have been caused to incur attorney's fees in an amount currently unknown and medical and dental expenses and losses and additional amounts to be reasonably incurred in the future.

60. Plaintiff Howard Lacy and/or Mandy Lacy, on behalf of the minor child, was not able to obtain the same or similar alternative insurance coverage which would have been supplied to him under COBRA had defendants complied with their COBRA obligations.

61. As a direct and proximate result of the above defendants' actions, plaintiffs have lost benefits in an amount not known in full by plaintiffs, but upon information and belief, such loss approximates the amount of benefits due under the terms of the dental/medical plan for each month since December 31, 2013 and the amount plaintiffs will continue to sustain each month until the benefits are provided in full.

WHEREFORE, plaintiffs request relief against the defendants, jointly and severally as follows:

(a) An order for defendant to pay to plaintiff Cody Lacy all Medical, dental and or vision benefits accrued and unpaid to the date of this judgment;

(b) An order for defendant to designate the plaintiff Cody Lacy as an eligible participant under the plan;

(c) An order that plaintiffs be awarded attorney's fees and costs of this action and such other relief as deemed appropriate; and

(d) Statutory penalties of $110 per day from the date of the qualifying event under COBRA (December 31, 2013) to the date of judgment in this case as a result of defendants' willful disregard of their obligations

under ERISA and COBRA.

## COUNT SIX

62. Plaintiffs incorporate by reference paragraphs 1 through 61 of their Complaint.

63. Plaintiff **HUNTER LACY** is a covered beneficiary under the policy of insurance issued to Plaintiff Howard Lacy. Plaintiff Hunter Lacy never received notice of any type regarding continuation of insurance coverage rights under COBRA.

64. Plaintiff Hunter Lacy was entitled to separate notice as a covered beneficiary, but such notice was never given.

65. Plaintiff Hunter Lacy incurred medical, dental and or vision expenses subsequent to Plaintiff Howard Lacy's termination from employment and because of Defendants' failure to provide notice regarding COBRA continuation of benefits, there was no coverage for said expenses. Plaintiffs reasonably expect to incur additional losses in the future due to Defendants' failure to provide the required notice.

66. Benefits were due and vested under the Plan and Plaintiff has complied with all conditions in order to receive such health insurance benefits.

67. Defendants at all times failed to comply with 29 U.S.C. § 1166 and § 116l.

68. The above-mentioned denial of benefits due under the terms of the Plan was arbitrary, capricious, not made in good faith, was not supported by substantial evidence, was erroneous as a matter of law, was willful and wanton and was in direct violation of ERISA.

69. As a direct and proximate result of the actions of the defendants, plaintiffs have been caused to incur attorney's fees in an amount currently unknown and medical and dental expenses and losses and additional amounts to be reasonably incurred in the future.

70. Plaintiff Howard Lacy and/or Mandy Lacy, on behalf of the minor child, was not able to obtain the same or similar alternative insurance coverage which would have been supplied to him under COBRA had defendants complied with their COBRA obligations.

71. As a direct and proximate result of the above defendants' actions, plaintiffs have lost benefits in an amount not known in full by plaintiffs, but upon information and belief, such loss approximates the amount of benefits due under the terms of the dental/medical plan for each month since December 31, 2013 and the amount plaintiffs will continue to sustain each month until the benefits are provided in full.

WHEREFORE, plaintiffs request relief against the defendants, jointly and severally as follows:

(a) An order for defendant to pay to plaintiff Hunter Lacy all Medical, dental and or vision benefits accrued and unpaid to the date of this judgment;

(b) An order for defendant to designate the plaintiff Hunter Lacy as an eligible participant under the plan;

(c) An order that plaintiffs be awarded attorney's fees and costs of this action and such other relief as deemed appropriate; and

(d) Statutory penalties of $110 per day from the date of the qualifying event under COBRA (December 31, 2013) to the date of judgment in this case as a result of defendants' willful disregard of their obligations under ERISA and COBRA.

**REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury in Lincoln, Nebraska.

        HOWARD LACY, Plaintiff

        REHM, BENNETT & MOORE, P.C., L.L.O.
        3701 Union Dr., #200
        Lincoln, NE 68516
        (402) 420-1400
        E-mail: tbennett@rehmlaw.com

For the firm: `/s/Todd D. Bennett`
        Todd D. Bennett    #20658