IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD LACY, et al., | |
| Plaintiffs, | 8:15-CV-3070 |
| vs. | |
| VALMONT INDUSTRIES, INC., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant Valmont Industries, Inc.'s motion to dismiss (filing 14), and motion to strike (filing 29). For the reasons explained below, the Court will grant both motions.

## BACKGROUND

The plaintiffs are suing the defendant under ERISA, 29 U.S.C. § 1132(a)(1)(B) and (c). Filing 1 at 1. The plaintiffs' allegations are, briefly summarized, as follows. The plaintiff Howard Lacy was employed by the defendant Valmont Industries, Inc. until he was involuntarily terminated on December 31, 2013 as a result of injuries that prevented him from continuing to work. Filing 1 at 2. Throughout his employment, he was a participant in the health, dental, and vision insurance plan offered by the defendant. Filing 1 at 2. The other plaintiffs were all beneficiaries of his insurance plan. Filing 1 at 5, 7, 8, 10, 12. The plaintiffs allege that after Lacy was terminated, he was entitled to notice of his rights under COBRA to continue insurance coverage. Filing 1 at 2. However, the plaintiffs allege that the defendant failed to timely provide such notice as required by ERISA and COBRA, prejudicing the plaintiffs. Filing 1 at 2.

The plaintiffs allege that they sought the assistance of the Department of Labor. Filing 1 at 2. At the prompting of a Department of Labor representative, the defendant provided the COBRA notice to the plaintiffs on March 18, 2015. Filing 1 at 2. The plaintiffs allege that the Department of Labor representative and the defendant agreed—without the plaintiffs' knowledge or permission—that COBRA coverage would be extended beginning March 18, provided that the plaintiffs paid the required premiums. Filing 1 at 3. The plaintiffs had made a premium payment on March 10. Filing 1 at 3. But although the defendant accepted the payment, the

plaintiffs' insurance carrier advised the plaintiffs on April 8 that their coverage had been terminated at the defendant's request. Filing 1 at 3.

The plaintiffs have allegedly incurred medical expenses since Lacy's termination, but the defendant has not provided coverage for those expenses under the insurance plan. Filing 1 at 4, 5, 7, 8, 10, 12. The plaintiffs allege that they have been unable to obtain alternate insurance with the same or a similar extent of coverage, and therefore continue to incur medical expenses. Filing 1 at 4, 6, 7, 9, 11, 12. The plaintiffs are seeking payment of insurance benefits, an order designating the plaintiffs as eligible participants under the insurance plan, attorney fees and costs, statutory penalties, and a refund of the premium the plaintiffs paid on March 10, 2015. *See* filing 1 at 5, 6–7, 8, 9–10, 11–12, 13.

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly,* 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

## DISCUSSION

The defendant has moved to dismiss on the grounds that the plaintiffs did not plead administrative exhaustion in their complaint. Filing 14. Additionally, the defendant has moved to strike evidence the plaintiffs attached to their brief in opposition to the motion to dismiss. Filing 29.

### A. Motion to Strike

As an initial matter, the defendant has moved to strike the evidence the plaintiffs submitted in opposition to the motion to dismiss. Filing 29. These exhibits include Lacy's affidavit, correspondence between the parties, medical bills, and insurance documents, among other evidence. *See* filing 28. The defendant contends that these exhibits are not embraced by the pleadings and are not public records, and that therefore they should be stricken. Filing 30 at 2.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). The Court may also take notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

The plaintiffs offer several arguments as to why the Court should consider the materials they submitted in opposition to the defendant's motion to dismiss. First, in their brief opposing the defendant's motion to dismiss, the plaintiffs argue that the defendant's motion should be converted to one for summary judgment, because the defendant supported its motion with materials outside the pleadings. Filing 27 at 6. The defendant attached to its motion to dismiss excerpts of the plan documents for the insurance plan it offers to employees, along with the declaration of Dorla Ray, an employee of the defendant responsible for overseeing the defendant's benefit plans. *See* filing 15. In her declaration, Ray stated that Lacy received a copy of his insurance plan documents. Filing 15-1. The plaintiffs argue that this statement is on a matter outside the pleadings, and that therefore the motion to dismiss must be converted to one for summary judgment. Filing 27 at 7.

3

The defendant disagrees, arguing in its motion to strike that Ray's declaration was "offered for the sole purpose of laying foundation for the admission of the Plan documents." Filing 30 at 2. And the plan documents, the defendant argues, are clearly embraced by the pleadings because the plaintiffs are suing to enforce the provisions of the plan. Filing 30 at 2. Thus, the defendant contends that it did not convert its motion to dismiss to one for summary judgment by submitting the plan documents and declaration. Filing 30 at 3. The plaintiffs counter that Ray's declaration is inadequate to properly authenticate the plan documents, because Lacy stated in his affidavit that he did not receive the documents that Ray stated were provided to him. Filing 33 at 1.

As noted above, the Court may consider documents that are not physically attached to the pleadings when their contents are alleged in the complaint and no party contests their authenticity. *Ashanti*, 666 F.3d at 1151. And the Court may consider such documents even if the party offering them has not formally authenticated them. *See Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 642 (N.D. Ohio 2012). Though the plaintiffs and defendant dispute whether Lacy received a copy of the plan documents, they do not dispute the authenticity of the documents. Accordingly, the Court may consider the plan documents without converting the motion to one for summary judgment. And the Court need not, and will not, consider Ray's declaration in making its determination on the defendant's motion to dismiss.

Second, the plaintiffs argue that they themselves converted the motion to dismiss to a motion for summary judgment by offering extrinsic evidence in opposition to the motion to dismiss. Filing 33 at 2. But the Court finds that the additional evidence the plaintiffs have submitted is unnecessary to decide the issue at hand: whether the plaintiffs have made legally sufficient allegations in their complaint. And the Court is not willing to dispose of the ultimate issue of administrative exhaustion at this preliminary stage of the proceedings before the parties have had an opportunity to conduct discovery.

Third, the plaintiffs argue that the evidence they submitted is, in fact, embraced by the pleadings and need not be stricken. Filing 33 at 2. Specifically, the plaintiffs argue that the contents of the exhibits were "discussed, referenced and alleged in the complaint." Filing 33 at 2. But in fact, the complaint does not allege the existence, let alone the contents, of any of the documents the plaintiffs submitted. Rather, the documents merely provide evidentiary support for the facts alleged in the complaint. Thus, the Court cannot consider any of the extrinsic evidence submitted by the plaintiffs in resolving the defendant's motion to dismiss, and will strike those materials. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th

Cir. 2003) (finding that a particular contract was not embraced by the pleadings when the complaint did not allege its existence).

Thus, the defendant's motion to strike will be granted. The Court will not consider the evidence submitted by the plaintiffs in determining whether the defendant's motion to dismiss should be granted. Additionally, the Court will not rely on the declaration of Dorla Ray submitted by the defendant.

B. <u>Motion to Dismiss</u>

The defendant moves to dismiss the plaintiffs' claims on the grounds that the plaintiffs have not alleged that they exhausted their administrative remedies under the insurance plan. Filing 16 at 2.

Although the statutory text of ERISA contains no explicit requirement that plan participants exhaust their administrative remedies before bringing suit, "[i]n this circuit, benefit claimants must exhaust the benefits appeal procedure before bringing claims for wrongful denial to court." *Midgett v. Washington Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009) (internal alterations omitted) (quoting *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001)). Thus, "[w]here a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998).

However, there are exceptions to this requirement. A plaintiff is excused from the requirement if "further administrative procedures would be futile"—that is, "if there is doubt about whether the agency could grant effective relief." *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992, 1000 (8th Cir. 2006). Additionally, "[w]hen an ERISA-governed plan fails to comply with its antecedent duty under § 1133 to provide participants with notice and review, aggrieved participants are not required to exhaust their administrative remedies before filing a lawsuit for benefits under § 1132(a)." *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1085 (8th Cir. 2009).

The defendant argues that the plaintiffs' insurance plan provided an benefits appeals procedure, and that the plaintiffs have failed to allege they have exhausted that procedure. Filing 16 at 3–4. The plaintiffs contend that they are not required to plead exhaustion, and, in the alternative, they have adequately pled exhaustion. Filing 27 at 7, 9.

First, the plaintiffs argue that they are not required to plead administrative exhaustion in their complaint. Filing 27 at 7. They argue that administrative exhaustion is not a jurisdictional element of an ERISA claim. Filing 27 at 9. Rather, they contend that failure to exhaust administrative remedies is an affirmative defense. Filing 27 at 7–8. And it is true that this is the rule in some circuits. *See*, *Paese v. Hartford Life & Accident Ins. Co.*,

5

449 F.3d 435, 446 (2d Cir. 2006); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007); *Crowell v. Shell Oil Co.*, 541 F.3d 295, 309 (5th Cir. 2008).

However, the Eighth Circuit has not followed suit. Rather, it has held, "Our case law is clear that [an ERISA plaintiff's] claim can proceed only if he has pled sufficient facts to show either futility or lack of administrative remedy." *Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1038 (8th Cir. 2011). Thus, in *Angevine*, the plaintiff's complaint was dismissed because "[t]he facts alleged in [his] complaint show[ed] neither futility nor the lack of an administrative remedy." *Id.*

Next, the plaintiffs argue that they have, in fact, adequately pled administrative exhaustion. First, they point to their allegations that for each plaintiff, "[b]enefits were due and vested under the Plan and [plaintiff] has complied with all conditions in order to receive such insurance benefits." *See*, filing 27 at 9; filing 1 at 4, 5, 7, 9, 10, 12. Second, they point to their allegation that the defendant "failed to provide plaintiff with the opportunity for a full and fair review of his claims." Filing 27 at 10; filing 1 at 4. But though a complaint need not contain detailed factual allegations, it must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. And the Court need not accept as true legal conclusions couched as factual allegations. *Id.* The portions of the complaint the plaintiffs point to contain legal conclusions rather than factual allegations showing exhaustion, futility, or lack of administrative remedy.

Accordingly, the Court finds that the plaintiffs have not pled administrative exhaustion as required for ERISA claims in this circuit, and will grant the defendant's motion to dismiss. The Court additionally notes that the plaintiffs have submitted evidence that they contend demonstrates that they were denied full and fair review of their claims, that appeal would be futile, and that the defendant is estopped from denying that COBRA notice was never provided to the plaintiffs. *See* filing 27 at 11–18. The plaintiffs are given leave to replead, and may allege in their amended complaint any facts they believe to be relevant to the administrative exhaustion requirement.

IT IS ORDERED:

1. The defendant's motion to strike (filing 29) is granted.

2. The defendant's motion to dismiss (filing 14) is granted.

3. The plaintiffs' complaint is dismissed with leave to replead.

6

4. The plaintiffs shall file their amended complaint on or before June 14, 2016, absent an extension for good cause shown.

5. The Clerk of the Court is directed to set an amended complaint deadline of June 14, 2016.

Dated this 24th day of May, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge